Martin, J.
A decree of foreclosure was granted in this action, and the appellant, an attorney of this court, was appointed a referee to sell the mortgaged premises. The premises were sold by him, and deeds were executed and d livered to the purchasers. After paying the mortgage debt and the plaintiff’s costs, there remained in the appellant’s hands, of the purchase price received by him, about the sum of $185 or $200. The appellant neglected to pay the surplus in his hands to the county treasurer, or to file his report of sale. On the 14th day of October, 1887, a special term of this court, on notice to the appellant, made an order requiring him, within 10 days after personal service upon him of a copy of such order, to pay such surplus to the treasurer, to file his report, and to pay the guardian of the respondent $10 costs personally. A certified copy of this order was served on the appellant personally, October 21, 1887, and the respondent’s guardian demanded of the appellant that he file his report, pay such surplus to the treasurer, and pay the $10 costs. The appellant complied with none of the requirements of that order. On November 29, 1887, a further order was procured, requiring the appellant to show cause, before a special term of this court appointed to be held at Herkimer, December 13, 1887, why he should not be punished for contempt in disobeying the order of October 14th. Upon the return of such order to show cause, the appellant appeared by attorney. After hearing said motion, the court made an order whereby it was adjudged that the appellant was guilty of the contempt charged, and that it was calculated to, and actually did, defeat impair, impede, and prejudice the rights and remedies of the respondent; and it was then ordered that a fine of $25 be imposed upon the appellant for his misconduct, and in addition thereto, andas a further fine, that lie should pay to George S. Hooker, attorney and guardian ad litem for said Robert Gunn, the costs and expenses of the proceeding, amounting to the sum of $34, and sheriff’s fees; and that he should stand committed to the county jail of Jefferson county until he should pay such fine, and comply with the terms of the former order. From the last order Ballard appealed.
“A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court, may be defeated, impaired, impeded or prejudiced, in either of the following cases: (1) An attorney, counselor, clerk, sheriff, coroner, or other person, in any manner duly selected or appointed to perform a judicial or ministerial service, for a misbehavior in his office or trust, or for a willful neglect or violation of duty therein, or for disobedience toa lawful mandate of the court, or of a judge.thereof, or of an officer authorized to perform the duties of such a judge. ” Code Civil Froe. § 14. “And, where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant’s costs and expenses, and $250 in addition thereto, and must be collected and paid in like manner.” Code Civil Proc. § 2284. “Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to peform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sunrto be paid.” Code, § 2285. The provisions of sections 2284 and 2285 are applicable to proceedings under sec *694 tion 14, Code Civil Proc. § 2266. It seems quite manifest that the proceedings which resulted in the order appealed from were justified by the provisions of the Code, and that the order should be sustained. People v. Brown, 46 Hun, 320. Ho error in this proceeding is claimed or pointed out by the appellant which would justify a reversal of the order appealed from. We think the order was proper, regular, and justified by the statute, and that it. should be affirmed, with costs. Order affirmed, with $10 costs, and printing: disbursements. All concur.